**THORCO LEASING, INC., d/b/a Thorco Inc., an Iowa Corporation, Appellant,**

v.

**LUMBERMENS MUTUAL CASUALTY CO., Appellee.**

**No. 91–1045.**

Court of Appeals of Iowa.

June 25, 1992.

Richard E.H. Phelps II, Brierly Law Office, Newton, for appellant.

Timothy W. Wegman of Peddicord, Wharton, Thune, & Spencer, Des Moines, for appellee.

Considered by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

### FACTS

Thorco Leasing, Inc. is an Iowa corporation engaged in the business of over-the-road trucking. Thorco has its principal place of business in Newton, Iowa. Lumbermens Mutual Casualty Company is an insurance company authorized to do business in Iowa. Thorco purchased cargo insurance from Lumbermens Mutual. The policy in question had effective dates of April 26, 1989 through April 25, 1990.

Thorco contracted with Monfort Pork Division of Marshalltown, Iowa, to transport a load of fresh pork products to New York. The load was dispatched on October 13, 1989. The pork products were to be delivered on October 15, 1989. Ernest Teegarden was the Thorco driver dispatched to pick up the pork products from Monfort. The trailer used to transport the pork products was refrigerated.

Thorco requires its drivers to call the home base in Newton twice a day during the week, once on Saturday, and when problems arise on Sunday. Thorco has a twenty-four hour phone which a driver can call at anytime of the day. Teegarden last called in to Thorco on October 14, 1989. That is the last time Thorco heard from Teegarden.

On October 16, 1989, Monfort informed Thorco that the load of pork had not reached its destination in New York. Thorco employees investigated and contacted various law enforcement agencies to search for the tractor-trailer, the driver, and the load of pork. On October 21, 1991, the New York Highway Patrol ultimately found the load of pork at a truck stop in Bath, New York.

When the New York Highway Patrol located the truck, Thorco owner, Robert Thoreson, made arrangements for a New York wrecker service, Sonny's Services, to inspect the truck and keep it secure until a Thorco employee could fly out to New York. Sonny's Services found the truck and trailer to be intact. However, it found the refrigeration unit on the truck was not running and had run out of fuel. It noted the load of pork products was at a temperature of 31 degrees. Sonny's Services fueled the trailer's refrigeration unit and started the truck. The refrigeration units are powered by diesel fuel. The fuel tank for the refrigeration unit had run dry and the load had become too warm. Thorco sent its dispatcher to New York, who took the truck and cargo to New Jersey, where the cargo was unloaded at a cold storage facility. Only part of the load was salvaged.

The police learned Teegarden had contacted his brother-in-law, Sonny Hagan, in Ohio after leaving the truck in Bath, New York. The police further determined there was no foul play involved in the incident.

The cargo was carried under a bill of lading and manifest. Monfort had a claim against Thorco for $33,257.44. Thorco sought recovery from Lumbermens Mutual based on its cargo insurance policy. Lumbermens Mutual denied the claim noting their insurance policy contained a Refrig-

eration Breakdown Endorsement which provided:

WE WILL PAY FOR A "LOSS" TO THE COVERED PROPERTY FOR WHICH YOU ARE LIABLE IF CAUSED BY SPOILAGE OR FREEZING OF PERISHABLE FREIGHT WHEN SUCH SPOILAGE OR FREEZING IS CAUSED BY MECHANICAL FAILURE OR MECHANICAL BREAKDOWN OF THE REFRIGERATION OR HEATING UNIT. **WE WILL NOT PAY FOR ANY "LOSS" CAUSED BY OR RESULTING FROM NEGLIGENCE BY YOU, YOUR EMPLOYEES OR SUBHAULER.**

(emphasis added).

Thorco then instituted its petition for declaratory judgment seeking to have the court enter an order requiring Lumbermens Mutual to provide coverage for Monfort's claim. The district court held the evidence established that Thorco's driver, Teegarden, was negligent for abandoning his load without instructing someone to replenish the refrigeration unit's fuel supply or otherwise informing someone of his intentions. Inasmuch as Teegarden's negligence caused the loss, the district court held that Lumbermens Mutual properly denied coverage. The court believed Thorco's reliance on the doctrine of reasonable expectations was improper because the exclusion contained in the Refrigeration Breakdown Endorsement is not bizarre or oppressive, does not eviscerate terms explicitly agreed to, and does not eliminate the dominant purpose of the transaction. Accordingly, the district court dismissed Thorco's petition. Thorco appeals. We affirm.

## SCOPE OF REVIEW

█ Our review in this case is for corrections of errors at law. Iowa R.App.P. 4. Findings of facts in a law action are binding on us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). We construe the district court's findings broadly and liberally. *Grinnell Mut. Reinsurance Co. v. Voeltz*, 431 N.W.2d 783, 785 (Iowa 1988). In case of doubt or ambiguity we construe the findings to uphold, rather than defeat, the district court's judgment.

*Id.* (citation omitted). We are prohibited from weighing the evidence or the credibility of the witnesses. *Id.* (citation omitted).

A finding of fact is supported by substantial evidence if the finding may be reasonably inferred from the evidence. In evaluating sufficiency of the evidence, we view it in its light most favorable to sustaining the court's judgment. We need only consider evidence favorable to the judgment, whether or not it was contradicted.

*Briggs Transp. Co. v. Starr Sales Co.*, 262 N.W.2d 805, 808 (Iowa 1978) (citation omitted).

█ Evidence is substantial or sufficient when a reasonable mind would accept it as adequate to reach the same findings. *Waukon Auto Supply v. Farmers & Merchants Sav. Bank*, 440 N.W.2d 844, 846 (Iowa 1989) (citation omitted). Evidence is not insubstantial merely because it could support contrary inferences. *Grinnell Mut. Reinsurance Co.*, 431 N.W.2d at 785.

## ANALYSIS

█ Thorco argues the district court's findings are not supported by substantial evidence. Specifically, Thorco raises the following seven issues on appeal. First, Thorco claims the district court erred in finding Teegarden abandoned his truck and load. Second, Thorco claims the district court erred in finding Teegarden was negligent. Third, Thorco claims the district court erred in finding Teegarden's negligence caused the loss and that Lumbermens Mutual properly denied coverage. Fourth, Thorco claims the district court erred in interpreting the insurance policy to mean negligence by the insured's employees is a proper basis to deny the claim. Fifth, Thorco claims the district court erred in interpreting the Refrigeration Breakdown Endorsement as a modification of the underlying policy. Sixth, Thorco claims the district court erred in finding Thorco's reliance on the reasonable expectation doctrine was misplaced. Seventh, Thorco claims the district court erred in finding the exclusion contained in the Refrigeration Breakdown Endorsement is not bi-

zarre, oppressive, does not eviscerate terms explicitly agreed to, and does not eliminate the dominant purpose of the transaction. We disagree and hold the district court's findings are supported by substantial evidence.

The details of why Teegarden decided to leave the load at a truck stop in Bath, New York are unknown. However, there is substantial evidence to establish Teegarden, without warning, simply abandoned the load at the Bath truck stop. Robert Thoreson, Shirley Thoreson and Tom Smith all testified they had no evidence or information as to why the load was left abandoned other than the conduct of Teegarden. Furthermore, the police determined there was no foul play involved in the incident.

Sam White, the traffic manager from the Monfort Plant, testified that pork products are to be kept at 24 degrees when being delivered in refrigerated trailers. He also stated the trailer refrigerated units are run by diesel fuel and generally go two to three days before refueling is necessary. When located at the Bath truck stop, the pork products were at a temperature of 31 degrees.

Tom Smith testified that some of the pork products were foul smelling and spoiled when delivered to New Jersey on October 23, 1989. There was substantial and undisputed evidence that the pork products were spoiled and rotten as a result of being abandoned at the truck stop and the refrigerated trailer unit running out of diesel fuel over the seven-day period the truck was missing.

There was absolutely no evidence to establish the Thorco refrigeration unit sustained any mechanical failure or breakdown. In fact, numerous witnesses testified the refrigeration unit was operating properly throughout the relevant time period of this case.

It is clear from the evidence, the loss of pork product was caused by the negligent conduct of Teegarden who left a load of pork products unattended in the refrigeration unit without making arrangements to have the unit refilled with fuel and without informing Thorco of his intentions to leave the load in Bath, New York. The Refrigeration Breakdown Endorsement clearly states Lumbermens Mutual "will not pay for any 'loss' caused by or resulting from negligence by" Thorco, Thorco's employees or subhauler. We hold Thorco is not entitled to recovery due to Teegarden's negligence. It is without significant dispute that the spoilage of the pork was not caused by "mechanical failure or mechanical breakdown of the refrigeration unit...."

### CONCLUSION

We find the loss of the pork product was caused by the negligent conduct of Thorco's employee, Teegarden, who abandoned the entire load without making arrangements to have the refrigeration unit refilled with fuel and without notifying Thorco of his intentions to leave the load in Bath, New York. We hold there was substantial evidence to support the findings of the district court. It is clear that the spoilage of the pork was not caused by mechanical failure or mechanical breakdown of the refrigeration unit. After considering all issues, we affirm the district court.

Costs of this appeal are taxed to the appellant.

**AFFIRMED.**